IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | |
|---|---|
| ALOFT MEDIA, LLC, § § Plaintiff, § § v. § § ADOBE SYSTEMS INCORPORATED § and § MICROSOFT CORPORATION, § § Defendants. § § § § | Civil Action No.  6:07-cv-355-LED  JURY TRIAL DEMANDED |

### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff Aloft Media, LLC ("Aloft Media") complains against Adobe Systems Incorporated ("Adobe") and Microsoft Corporation ("Microsoft") (collectively "Defendants") as follows:

### PARTIES

1. Plaintiff Aloft Media is a Texas limited liability company with its principal place of business at 111 W. Tyler Street, Longview, TX 75601.

2. Upon information and belief, Adobe is a Delaware corporation, with its principal place of business located in San Jose, California. Adobe may be served with process by serving its registered agent, Corporation Service Company, located at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

3. Upon information and belief, Microsoft is a Washington corporation with its principal place of business at One Microsoft Way, Redmond, Washington. Microsoft may be served with

process through its Registered Agent, Corporation Service Company located at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

## JURISDICTION AND VENUE

1. This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each Defendant has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

3. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## PATENT INFRINGEMENT

4. Aloft Media is the owner by assignment of United States Patent No. 7,117,443 ("the '443 patent") entitled "Network Browser Graphical User Interface for Managing Web Content."  The '443 patent issued on October 3, 2006.  A true and correct copy of '443 patent is attached as Exhibit A.

5. Aloft Media is the owner by assignment of United States Patent No. 7,194,691 ("the '691 patent") entitled "Network Browser Window with Adjacent Identifier Selector

Interface for Storing Web Content." The '691 patent issued on March 20, 2007. A true and correct copy of '691 patent is attached as Exhibit B.

6. On information and belief, Adobe has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '443 and '691 patents in the State of Texas, in this judicial district, and elsewhere in the United States. Adobe's infringements include, among other things, making, using, offering for sale, and/or selling computer software products, including without limitation Acrobat Standard, Acrobat Professional, and Acrobat 3D. Adobe is thus liable for infringement of the '443 and '691 patents pursuant to 35 U.S.C. § 271.

7. On information and belief, Microsoft has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '443 and '691 patents in the State of Texas, in this judicial district, and elsewhere in the United States. Microsoft's infringements include, among other things, making, using, offering for sale, and/or selling computer software products, including without limitation Internet Explorer 7 and Windows Vista. Microsoft is thus liable for infringement of the '443 and '691 patents pursuant to 35 U.S.C. § 271.

8. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, such requirements have been complied with.

9. As a result of the Defendants' infringement of the '443 and '691 patents, Aloft Media has suffered monetary damages that are compensable under 35 U.S.C. § 284 adequate to compensate it for the infringement, but in no event less than a reasonable royalty, and will continue to suffer such monetary damages in the future unless Defendants' infringing activities are permanently enjoined by this Court.

10. Unless a permanent injunction is issued enjoining Defendants and their agents, servants, employees, attorneys, representatives, affiliates, and all other acting on their behalf from infringing the '443 and '691 patents, Aloft Media will be greatly and irreparably harmed.

11. This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285 and Aloft Media is thus entitled to an award of its reasonable attorneys' fees.

12. Upon information and belief, Defendants' infringements are willful, at least if Defendants continue to infringe the '443 and '691 patents after receiving notice of this lawsuit.

## **PRAYER FOR RELIEF**

WHEREFORE, Aloft Media, LLC requests that this Court enter:

1. A judgment in favor of Aloft Media, LLC that Defendants have directly, and/or by way of inducing infringement by others, and/or contributing to the infringement by others of the '443 and '691 patents, and that such infringement was willful;

2. A permanent injunction, enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from such infringement of the '443 and '691 patents;

3. A judgment and order requiring Defendants to pay Aloft Media, LLC its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '443 and '691 patents as provided under 35 U.S.C. § 284;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Aloft Media its reasonable attorneys' fees; and

5. Any and all other relief for which the Court may deem Aloft Media, LLC entitled.

## DEMAND FOR JURY TRIAL

Aloft Media, LLC, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

        Respectfully submitted,

        _/s/ Eric M. Albritton_
        Eric M. Albritton
        Texas Bar No. 00790215
        Jason A. Saunders
        Texas Bar No. 24042406
        ALBRITTON LAW FIRM
        P.O. Box 2649
        Longview, Texas 75606
        Telephone:  (903) 757-8449
        Facsimile:  (903) 758-7397
        ema@emafirm.com
        jas@emafirm.com

        Thomas John Ward, Jr.
        Texas Bar No. 00794818
        WARD & SMITH LAW FIRM
        P O Box 1231
        Longview, TX 75606-1231
        Telephone: (903) 757-6400
        Facsimile: (903) 757-2323
        jw@jwfirm.com

        Danny L. Williams
        Texas State Bar No. 21518050
        WILLIAMS, MORGAN & AMERSON, P.C.
        10333 Richmond, Suite 1100
        Houston, Texas 77042
        Telephone: (713)934-4060
        Facsimile: (713) 934-7011
        danny@wmalaw.com
        rbains@wmalaw.com

        ATTORNEYS FOR PLAINTIFF ALOFT MEDIA, LLC