**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**TYLER DIVISION**

| | | |
|---|---|---|
| **ALOFT MEDIA, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 6:07-cv-355-LED** |
| **v.** | § | |
| | § | |
| **ADOBE SYSTEMS INCORPORATED and MICROSOFT CORPORATION,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which Plaintiff Aloft Media, LLC ("Aloft Media") complains against Adobe Systems Incorporated ("Adobe") and Microsoft Corporation ("Microsoft") (collectively "Defendants") as follows:

**PARTIES**

1. Plaintiff Aloft Media is a Texas limited liability company with its principal place of business at 100 Park Center Plaza, Suite 300 Rm B, San Jose, California, 95113.

2. Upon information and belief, Adobe is a Delaware corporation, with its principal place of business located in San Jose, California. Adobe may be served with process by serving its registered agent, Corporation Service Company, located at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

3. Upon information and belief, Microsoft is a Washington corporation with its principal place of business at One Microsoft Way, Redmond, Washington. Microsoft may be served with

process through its Registered Agent, Corporation Service Company located at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

## JURISDICTION AND VENUE

1. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

3. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## PATENT INFRINGEMENT

4. Aloft Media is the owner by assignment of United States Patent No. 7,117,443 ("the '443 patent") entitled "Network Browser Graphical User Interface for Managing Web Content." The '443 patent issued on October 3, 2006. A true and correct copy of '443 patent is attached as Exhibit A.

5. Aloft Media is the owner by assignment of United States Patent No. 7,194,691 ("the '691 patent") entitled "Network Browser Window with Adjacent Identifier Selector

Interface for Storing Web Content." The ‘691 patent issued on March 20, 2007. A true and correct copy of ‘691 patent is attached as Exhibit B.

6. On information and belief, Adobe has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the ‘443 and ‘691 patents in the State of Texas, in this judicial district, and elsewhere in the United States. Adobe's infringements include, among other things, making, using, offering for sale, and/or selling computer software products, including without limitation Acrobat Standard, Acrobat Professional, and Acrobat 3D. Adobe is thus liable for infringement of the ‘443 and ‘691 patents pursuant to 35 U.S.C. § 271.

7. On information and belief, Microsoft has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the ‘443 and ‘691 patents in the State of Texas, in this judicial district, and elsewhere in the United States. Microsoft's infringements include, among other things, making, using, offering for sale, and/or selling computer software products, including without limitation Internet Explorer 7 and Windows Vista. Microsoft is thus liable for infringement of the ‘443 and ‘691 patents pursuant to 35 U.S.C. § 271.

8. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, such requirements have been complied with.

9. As a result of the Defendants' infringement of the ‘443 and ‘691 patents, Aloft Media has suffered monetary damages that are compensable under 35 U.S.C. § 284 adequate to compensate it for the infringement, but in no event less than a reasonable royalty, and will continue to suffer such monetary damages in the future unless Defendants' infringing activities are permanently enjoined by this Court.

10. Unless a permanent injunction is issued enjoining Defendants and their agents, servants, employees, attorneys, representatives, affiliates, and all other acting on their behalf from infringing the ‘443 and ‘691 patents, Aloft Media will be greatly and irreparably harmed.

11. This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285 and Aloft Media is thus entitled to an award of its reasonable attorneys’ fees.

12. Upon information and belief, Defendants’ infringements are willful, at least if Defendants continue to infringe the ‘443 and ‘691 patents after receiving notice of this lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Aloft Media, LLC requests that this Court enter:

1. A judgment in favor of Aloft Media, LLC that Defendants have directly, and/or by way of inducing infringement by others, and/or contributing to the infringement by others of the ‘443 and ‘691 patents, and that such infringement was willful;

2. A permanent injunction, enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from such infringement of the ‘443 and ‘691 patents;

3. A judgment and order requiring Defendants to pay Aloft Media, LLC its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants’ infringement of the ‘443 and ‘691 patents as provided under 35 U.S.C. § 284;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Aloft Media its reasonable attorneys’ fees; and

5. Any and all other relief for which the Court may deem Aloft Media, LLC entitled.

**DEMAND FOR JURY TRIAL**

Aloft Media, LLC, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

Eric M. Albritton
Texas Bar No. 00790215
Jason A. Saunders
Texas Bar No. 24042406
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397
ema@emafirm.com
jas@emafirm.com

Thomas John Ward, Jr.
Texas Bar No. 00794818
WARD & SMITH LAW FIRM
P O Box 1231
Longview, TX 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
jw@jwfirm.com

Danny L. Williams
Texas State Bar No. 21518050
WILLIAMS, MORGAN &
AMERSON, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713)934-4060
Facsimile: (713) 934-7011
danny@wmalaw.com
rbains@wmalaw.com

ATTORNEYS FOR PLAINTIFF ALOFT
MEDIA, LLC

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). All parties to this case will be served with a true and correct copy of the foregoing by summons in accordance with Local Rule CV-4.

______________________________________
Jason A. Saunders