IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ALOFT MEDIA, LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:07-cv-355 |
| | § | |
| ADOBE SYSTEMS INC., and | § | |
| MICROSOFT CORPORATION, | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Adobe Systems Incorporated's Motion to Transfer this Action to the Northern District of California ("Motion to Transfer Venue," Doc. No. 42), Plaintiff Aloft Media, LLC's Response (Doc. No. 50), Adobe's Reply (Doc. No. 51), and Aloft's Surreply (Doc. No. 53). Adobe has also filed a Motion Requesting Hearing on its Motion to Transfer Venue (Doc. No. 43). For the reasons stated herein, Adobe's Motion to Transfer Venue and Motion Requesting Hearing are both hereby DENIED.

## I. BACKGROUND

Plaintiff Aloft Media, LLC ("Aloft") filed its original Complaint (Doc. No. 1) against Defendants Adobe Systems Inc. ("Adobe") and Microsoft Corporation ("Microsoft") on July 26, 2007, claiming infringement of United States Patent Nos. 7,117,443 ("the '443 patent") and 7,194,691 ("the '691 patent").[1] Patent attorneys Kevin J. Zilka and Dominic M. Kotab are the joint inventors named on both patents. The named inventors originally assigned the rights to both patents to a California limited liability company founded by Mr. Zilka. The California LLC subsequently assigned the patent rights to the plaintiff currently named in this case, which was also founded by

---

[1] Aloft has also filed an Amended Complaint (Doc. No. 7).

Mr. Zilka. DE VRIES DECL., EXS. A, B, F, G, H, K.

Plaintiff Aloft Media is a Texas limited liability company with its principal place of business located at 100 Park Center Plaza, Suite 300 Room B, San Jose, California, 95113. Adobe is a Delaware corporation with its principal place of business located in San Jose, California. Microsoft is a Washington corporation with its principal place of business located at 1 Microsoft Way, Redmond, Washington. AM. COMPL. ¶¶ 1-3.

The parties do not appear to compete in the sale of any products. Aloft alleges that Adobe's products, which include Acrobat Standard, Acrobat Professional, and Acrobat 3D, and Microsoft's products, which include Internet Explorer 7, and Windows Vista, are infringing the patents that have been assigned to Aloft. It is undisputed that both Adobe and Microsoft's allegedly infringing products are sold nationwide, which includes the Eastern District of Texas. Adobe has filed its Motion to Transfer Venue primarily because Aloft and Adobe's principal places of business are located within the Northern District of California. Microsoft's principal place of business, however, is located within the Western District of Washington. Adobe states that Microsoft "does not oppose this motion and believes that the Northern District of California is a more convenient forum" (Mot. at 2, footnote 1), but Microsoft has not formally joined in Adobe's Motion to Transfer Venue.

## II. LEGAL STANDARD

The applicable change of venue statute provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first determination to be made under 28 U.S.C. § 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter

"*Volkswagen I*"). If so, under Section 1404(a), a court examines "the convenience of the parties and witnesses." *Id.* The convenience determination involves examining several private and public interest factors, none of which are given dispositive weight. *Id.*; *accord In Re Volkswagen of America, Inc.*, 506 F.3d 376, 380 (5th Cir. Oct. 24, 2007) (hereinafter "*Volkswagen II*").[2]

The private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of the compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive. *Id.* The public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict of law problems involving application of foreign law. *Id.* A court must consider these factors in light of all the claims alleged in the case and not restrict its analysis to only the plaintiff's claims. *Volkswagen I*, 371 F.3d at 204.

It is also clear that a court should consider the plaintiff's forum choice as one of the factors in the analysis, but the plaintiff's forum choice by itself is not conclusive or determinative. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003); *accord Volkswagen II*, 506 F.3d at 380. The Fifth Circuit in *Volkswagen II* recently discussed the level of deference that a plaintiff's forum choice

---

[2] The Fifth Circuit's decision in *Volkswagen II* is a rehearing panel opinion, which supercedes an earlier *per curiam* opinion that was withdrawn (*In re Volkswagen*, 223 Fed. Appx. 305 (5th Cir. 2007)). Upon rehearing, the panel granted Volkswagen's petition for a writ of mandamus directing the district court to transfer the case from the Eastern District of Texas to the Northern District of Texas, where the automobile accident occurred that gave rise to the products liability case. Subsequently, the Fifth Circuit granted rehearing *en banc*, thereby vacating the rehearing panel's opinion to which this Court cites as the Fifth Circuit's most recent discussion of this topic. *In re Volkswagen of America Inc.*, No. 07-40058, 2008 WL 400236, at *1 (5th Cir. Feb. 14, 2008); *Byrne v. Butler*, 845 F.2d 501, 507 (5th Cir. 1988) ("as we have stressed, [t]he grant of a rehearing en banc vacates the panel opinion, which thereafter has no force."). To date, the Fifth Circuit has yet to hear oral argument *en banc*.

should receive:

> Plaintiff's choice of forum is entitled to deference. Indeed, this deference establishes the burden that a moving party must meet in seeking a § 1404(a) transfer. But the appropriate standard for this burden is that established by *Humble Oil*. Namely, a party seeking a transfer "must show good cause." When viewed in the light of § 1404(a), to show good cause means that a moving party must demonstrate that a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." When the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed. When the transferee forum is clearly more convenient, a transfer should be ordered.

*Volkwagen II*, 506 F.3d 376, 384 (5th Cir. 2007).[3] To summarize, the moving party carries the burden to show good cause that the transferee forum is clearly more convenient for the parties, witnesses, and in the interest of justice.

### III. DISCUSSION

Due to the uncertainty surrounding the applicable legal standard governing Section 1404(a) venue transfer motions, the Court will proceed with the following dual approach. First, the parties have largely submitted their positions based upon the legal standard articulated in *Volkswagen II*. The Court further acknowledges that the *Volkswagen II* opinion, though vacated, is the Fifth Circuit's most recent discussion of the venue transfer standard, and in comparison to prior Fifth Circuit opinions, appears to adopt a slightly lower threshold favoring the party moving for transfer. For these reasons, the Court will provide the moving party with the benefit of the doubt and apply the standard set forth in *Volkswagen II*. In doing so, the Court finds that the circumstances of this

---

[3] The panel rejected the following standards as applying only to the forum non conveniens arena, and not to a Section 1404(a) transfer of venue: (1) the moving party must show that the balance of convenience and justice substantially weighs in favor of transfer, (2) unless the balance is strongly in favor of the defendant the plaintiff's choice should rarely be disturbed, and (3) a plaintiff's choice of forum is "highly esteemed." *Volkswagen II*, 506 F.3d at 380-84; *but see Marbury-Pattillo Const. Co. v. Bayside Warehouse Co.*, 490 F.2d 155, 158 (5th Cir. 1974) ("In *Gulf Oil v. Gilbert*, 1947, 330 U.S. 501, 67 S. Ct. 839, 91 L. Ed. 1055, the Supreme Court elucidated upon the factors justifying a Section 1404(a) change of venue, but it was careful to point out that 'Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum shall rarely be disturbed.'").

patent case are sufficiently distinguishable from the event-specific circumstances of the *Volkswagen II* products liability case, such that the circumstances of *Volkswagen II* do not control. Applying the *Volkswagen II* standard, the Court finds that transfer of venue is not appropriate for the reasons discussed below.

Second, and in the alternative, the Court recognizes that the *Volkswagen II* opinion has been vacated by the granting of rehearing *en banc*. In addition, Adobe states in its Motion that it does not rely solely upon the standard expressed in *Volkswagen II*. "The law governing this motion to transfer venue includes not only the Fifth Circuit's recent opinion in *Volkswagen*, but also includes the substantial Supreme Court and Fifth Circuit precedent cited by the Court in the *Volkswagen* case and on which the Fifth Circuit's holdings and reasoning in *Volkswagen* were based." MOT. AT 7 (citing *Norwood v. Kirkpatrick*, 349 U.S. 29 (1955); *In re Volkswagen AG*, 371 F.3d 201 (5th Cir. 2004); *Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243 (5th Cir. 1983); *Humble Oil & Ref. Co. v. Bell Marine Serv. Inc.*, 321 F.2d 53 (5th Cir. 1963)). For these reasons, the Court will consider in the alternative Adobe's Motion under the Section 1404(a) legal standard that existed prior to the Fifth Circuit's discussion in *Volkswagen II*. Applying the previously existing standard, the Court similarly finds that transfer of venue is not appropriate for the reasons discussed below.

A.   Proper Venue in the Proposed Transferee District

The parties do not dispute that this action could have been brought in the Northern District of California and that venue would have been proper in the transferee forum.

B.   Plaintiff Aloft's Choice of Forum

Aloft has chosen to litigate its claim in the Eastern District of Texas, wherein sales of Defendants Adobe and Microsoft's allegedly infringing products undoubtedly occur. Aloft's choice

of forum is one of several factors to be considered under the venue transfer analysis, and is entitled to deference. *Volkswagen II*, 506 F.3d 376, 380 (5th Cir. 2007). The *Volkswagen II* panel warned, however, that a plaintiff's forum choice is not given an "elevated status," is not "highly esteemed," does not require that "unless the balance is strongly in favor of the defendant the plaintiff's choice should rarely be disturbed," and does not require the "moving party to show that the balance of convenience and justice *substantially* weighs in favor of transfer." *Id.* at 380-84. What it does require is the moving party to carry the burden of showing good cause that the transferee forum is clearly more convenient for the parties, witnesses, and in the interest of justice. *Id.* As Aloft's forum choice is entitled to deference, it is Adobe's burden to override that forum choice. Accordingly, Adobe must set forth good cause showing how transfer to the Northern District of California is, on balance, clearly more convenient for both parties involved, non-party witnesses, expert witnesses, and in the interest of justice.

C.      Private Interest Factors

   1.      Relative ease of access to sources of proof

The first private interest factor to consider is the relative ease of access to sources of proof. Adobe asserts that documentary proof and other physical evidence are largely located in the Northern District of California, and not in the Eastern District of Texas. MOT. AT 12. However, not all documentary proof is located in California, as Defendant Microsoft's principal place of business is located in Redmond, Washington, which is within the Western District of Washington. Furthermore, the Fifth Circuit recently discussed this issue:

> The district court was certainly correct that advances in copying technology and information storage affect the access to sources of proof, and that district courts should consider the actual convenience or inconvenience of accessing sources of

6

> proof. But, that access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous. Here, all of the documents and physical evidence relating to the accident are located in the Dallas Division, as is the collision site. The district court erred in applying this factor because it does weigh in favor of transfer, although its precise weight may be subject to debate.

*Volkswagen II*, 506 F.3d 376, 385 (5th Cir. 2007).

Although the Fifth Circuit warned that technological improvements do not render the location of evidence a nullity, the court focused on the documents and physical evidence relating to an accident scene. Physical evidence of this nature presumably would be difficult to convert to an electronic medium and would be extremely burdensome, if not impossible due to its delicate nature, to transport. In this case, Adobe has yet to identify physical evidence that would be difficult to convert to an electronic medium. To the contrary, patent litigation usually involves sources of proof that are readily convertible to an electronic medium. *See VCode Holdings, Inc. v. Cognex Corp.*, 2007 WL 2238054, at *3 (E.D. Tex. Aug. 3, 2007) (Davis, J.) ("the location of documents is of little consequence since they will almost certainly be produced electronically"). With the volume of documentary evidence associated with a patent case, it is presumed that the parties will exchange discovery electronically. Any convenience or burden associated with electronic discovery bears little, if any, relation to the physical location of the underlying document. Furthermore, any physical documents that are needed for trial can be shipped just as conveniently to the Eastern District of Texas as the Northern District of California. The same is true of the actual product accused of infringement. The relative ease of access factor is therefore neutral and does not favor transfer to the Northern District of California.

    2.    The availability of compulsory process to secure witnesses' attendance

The second private interest factor to be considered is the availability of compulsory process to secure the attendance of witnesses. Adobe asserts that the non-party California witnesses it has identified are outside of this Court's subpoena power, but within the subpoena power of a court sitting in the Northern District of California. MOT. AT 11 (citing Fed. R. Civ. P. 45(c)(3)). Adobe first identifies the two named inventors of the patents-in-suit, Kevin J. Zilka, and Dominic M. Kotab, as well as Jesse Ozog, an employee of Mr. Zilka and Mr. Kotab. Despite these witnesses residing outside of this Court's subpoena power, Aloft has submitted affidavits from these three individuals stating, "I agree to appear in Texas for deposition and trial, as necessary." RESP. AT 8 & EXS. 1-3. Compulsory process for these three individuals is therefore not necessary.

Adobe has also identified a list of forty-seven (47) inventors or persons with knowledge of prior art located in California that it disclosed in its Preliminary Invalidity Contentions. REPLY AT 4, EX. 2. Although these potential witnesses are disclosed in a list, Adobe fails to demonstrate how they would be important to their case at trial. Adobe simply states that it "expects to subpoena [these third parties] for prior art information," and does not provide any further indication of the content of their testimony. REPLY AT 4.

It is simply unknown at such an early stage in the proceedings whether any of these inventors of prior art will be called upon to testify at trial. This district has consistently observed, "[t]ypically, witnesses in patent cases come from all over the country or world, and many of those witnesses are frequently unknown at this stage of the case. . . . Thus, regardless of where the trial is held, many witnesses, including third-party witnesses, will likely need to travel a significant distance. If this Court cannot compel a witness's attendance at trial, neither party is prevented from using the witness's videotaped deposition at trial. Rarely will one location be convenient for everyone."

*VCode Holdings, Inc. v. Cognex Corp.*, 2007 WL 2238054, at *3 (E.D. Tex. Aug. 3, 2007) (internal citations omitted) (Davis, J.). To illustrate, Aloft has identified in its Response and supporting documents its own set of non-party witnesses, including Time Warner, located in New York, IBM, located in New York, St. Clair Software, located in Virginia, Copyn Limited, located in London, and James W. Pemrick, located in Arlington, Virginia. RESP. AT 9 & EX. 5.

At such an early stage of the proceeding, it continues to be a problem to accurately determine whether the witnesses identified by either party will ultimately be key witnesses at trial. In addition, there has not been a showing of particularized inconvenience or refusal to testify from any of the potential witnesses identified. Furthermore, a patent trial often revolves around the strength of expert witness testimony, and many experts are also non-party witnesses. *Mangosoft Intellectual Property, Inc. v. Skype Technologies SA*, 2007 WL 2008899, at *2 (E.D. Tex. July 5, 2007) (Ward, J) ("Furthermore, this Court must be mindful that many patent infringement cases are driven by expert testimony."). Expert witnesses have not yet to be selected by the parties in this case, and can be found anywhere in the country. While transfer to the Northern District of California may be more convenient for some non-party witnesses, any convenience gained may be offset by additional burdens placed on other non-party witnesses. Adobe has not met its burden of showing that any compulsory process available in the Northern District of California would aid in the convenience of procuring non-party witnesses. The availability of compulsory process factor is therefore neutral and does not weigh in favor of transfer.

### 3. The willing witnesses' cost of attendance

The third private interest factor is the cost of attendance for willing witnesses. As discussed above with the compulsory process factor, Adobe has identified the two named inventors of the

patents-in-suit, as well as one of their employees. These three individuals have stated their willingness to appear in Texas for either trial or depositions, and have not objected to the cost of appearing in the Eastern District of Texas. RESP. AT 8 & EXS. 1-3. These three individuals are also associated with Plaintiff Aloft, which has chosen to file suit in this district. It is presumed in this district that the present forum is convenient for a plaintiff that has chosen to file here. *VCode Holdings, Inc. v. Cognex Corp.*, 2007 WL 2238054, at *3 (E.D. Tex. Aug. 3, 2007) ("since VCode chose to file suit here, the Court assumes this forum is convenient for VCode.").

Adobe goes on to identify several of its own employees likely to testify at trial, who are located primarily in San Jose, California: Dave Sawyer, Brent Rosenquist, and Ed Rowe. Adobe asserts that testifying in the Eastern District of Texas is clearly less convenient for these witnesses located in California. These individuals are claimed to have knowledge concerning technical development relevant to this action. MOT. AT 10, HOUSE DECL. ¶¶ 5-7 & DEVRIES DECL., EX. L AT 4. The parties dispute whether these are the only Adobe employees that possess relevant knowledge about this case and that could be potential witnesses for trial. Aloft claims that other Adobe employees, including those located in the Adobe facility at Richardson, Texas, may have relevant firsthand knowledge. RESP. AT 6-7. In any event, the Fifth Circuit has characterized the issue as follows. "'When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.'" *Volkswagen II*, 506 F.3d 376, 386 (5th Cir. 2007) (citing *In re Volkswagen I*, 371 F.3d 201, 204-05 (5th Cir. 2004)).

The Eastern District of Texas is certainly located more than 100 miles from the California witnesses identified by Adobe. However, the Court finds that the additional burden placed on

Adobe's employee witnesses is not heavy enough to be given substantial weight. It is simply not unduly burdensome to require Adobe's employees to defend allegations of patent infringement in a district and state where it knowingly sells a significant portion of its allegedly infringing products. In the same vein as the personal jurisdiction question that the patent venue statute is tied to, it is reasonable for a defendant to defend against allegations of infringement where the defendant has purposefully availed itself of the benefits and protections of the district and state wherein the forum resides. The cost of traveling and testifying in Texas for Adobe's employee witnesses are justified as a cost of doing business in a location where it sells allegedly infringing products. Moreover, the *Volkswagen II* court directed most of its attention at the cost of attendance and inconvenience associated with non-party witnesses who would have had to travel out of the district wherein the automobile accident occurred if the case were not transferred. *Volkswagen II*, 506 F.3d 376, 385-86 (5th Cir. 2007).

Turning to the cost of attendance for non-party witnesses, Adobe points to the forty-seven inventors of prior art that were discussed with the compulsory process factor above. Though it may be more convenient for residents of California to testify in the Northern District of California, Adobe has not shown that these inventors are likely to testify at trial. There is also a strong likelihood that other non-party witnesses will testify at trial. As mentioned above, Aloft has identified other potentially important non-party witnesses that reside outside of California. Finally, a patent trial often revolves around the strength of expert witness testimony, and many experts are also non-party witnesses. *Mangosoft Intellectual Property, Inc. v. Skype Technologies SA*, 2007 WL 2008899, at *2 (E.D. Tex. July 5, 2007) (Ward, J) ("Furthermore, this Court must be mindful that many patent infringement cases are driven by expert testimony."). Expert witnesses have not yet to be selected

by the parties in this case, and can be found anywhere in the country. While transfer to the Northern District of California may be more convenient for some non-party witnesses, any convenience gained may be offset by additional burdens placed on other non-party witnesses. For these reasons, the Court finds that the cost of attendance for willing witnesses is a neutral factor and does not favor transfer to the Northern District of California.

    4.  All other practical problems that make trial easy, expeditious and inexpensive

Adobe advances the argument that the location of its principal place of business and center of activity should favor transfer to the district wherein the defendant resides. According to Adobe, favorable factors should include the alleged infringer's center of product development, testing, research and production, as well where marketing and sales decisions are made. This is where key documents and witnesses are located. MOT. AT 13-14 (citing *The Whistler Group, Inc. v. PNI Corp.*, 2003 WL 22939214, at *4 (N.D. Tex. Dec. 5, 2003) ("In patent infringement cases, the preferred forum is that which is the center of gravity of the accused activity."); *Saint-Gobain Calmar, Inc. v. Nat'l Prods. Corp.*, 230 F. Supp. 2d 655, 660 (E.D. Pa. 2002) ("the trier of fact ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production"); *Minka Lighting, Inc. v. Trans Globe Imports, Inc.*, 2003 WL 21251684, at *3 (N.D. Tex. May 23, 2003); *Amini Innovation Corp. v. Bank & Estate Liquidators, Inc.*, 512 F. Supp. 2d 1039, 1044-45 (S.D. Tex. 2007); *Acterna, L.L.C. v. Adtech, Inc.*, 129 F. Supp. 2d 936, 939 (E.D. Va. 2001); *Cummins-Allison Corp. v. Glory Ltd.*, 2004 WL 1635534, at *6 (E.D. Tex. May 26, 2004) (Ward, J.)).

The Court notes that most of the authorities cited by Adobe do not originate from within this district. Adobe provides a limited quote of one case within this district, but in its full context, reads

as follows. "Generally, the preferred forum in a patent infringement action is 'that which is the center of accused activity.' If there is no center of infringement activity in a particular case, as here, then, as long as the plaintiff brings its action in a forum where the alleged infringement is occurring, that choice should not be undermined by allegations that infringing activities occur throughout the country." *Cummins-Allison Corp. v. Glory Ltd.*, 2004 WL 1635534, at *6 (E.D. Tex. May 26, 2004) (Ward, J.) (internal citations omitted)). Adobe and Microsoft's products in this case are similarly accused of nationwide infringing activity. Furthermore, key documents in a patent infringement case are largely accessed and exchanged electronically. Adobe has not shown that any physical evidence or documents in this case are not transferable to an electronic medium. Again, Adobe's employee witnesses should not be surprised to have to testify in a state where its allegedly infringing products are sold. Moreover, Microsoft is a named defendant in this action as well, and has its principal place of business in Redmond, Washington. The location of Adobe's principal place of business therefore does not control the circumstances of this case.

Finally, Adobe argues that transfer to the Northern District of California will not result in delay or prejudice to the parties. Adobe points to the Northern District's use of Local Patent Rules that are similar to those in effect in this district. Although the Northern District of California may have similar local rules in place, this case, filed on July 27, 2007, has already progressed for approximately eight (8) months before this Court. A scheduling conference has been conducted, discovery and docket control orders entered, infringement and invalidity contentions exchanged, claim constructions exchanged and filed with the Court, and a Markman Hearing scheduled for June 12, 2008, less than three (3) months away. Despite the Northern District of California's implementation of analogous local patent rules, transferring this case to a new Court will require

13

duplication of many steps already completed, as well as scheduling a Markman hearing date well beyond three (3) months away. Both parties would therefore incur substantial prejudice and delay that may significantly increase the cost of this litigation. For these reasons, this final catchall private interest factor weighs against transfer to the Northern District of California.

D. Public Interest Factors

1. Local interest in having local issues decided at home

Adobe contends that the Northern District of California has a stronger interest in adjudicating this dispute because Adobe and Aloft are more closely connected with the Northern District of California than the Eastern District of Texas. MOT. AT 15. Adobe cites the recent Fifth Circuit observation that sales of a product within a given jurisdiction is not sufficient to neutralize the legitimate local interest in adjudicating local disputes. *Volkswagen II*, 506 F.3d, 376, 387 (5th Cir. 2007). The local interest involved in the *Volkswagen II* products liability case with a local accident, however, is significantly stronger than any local interest involved with this nationwide patent infringement case. Furthermore, not all parties are closely connected with the Northern District of California; Microsoft, headquartered in Redmond, Washington, is most closely connected with the Western District of Washington.

More important, it is undisputed that the allegedly infringing products of both Adobe and Microsoft are sold nationwide, with significant sales in both the Northern District of California and the Eastern District of Texas. Residents of both districts therefore have a localized interest in upholding the patent laws and in adjudicating a dispute over products that directly affect its citizenry. *Candela Corp. v. Palomar Medical Technologies, Inc.*, 2007 WL 738615, at *5 (E.D. Tex. Feb. 22, 2007) (Clark, J.) ("Given that some of the alleged actions of infringement occurred in this District,

14

there exists some local interest in adjudicating this dispute."); *accord VCode Holdings, Inc. v. Cognex Corp.*, 2007 WL 2238054, at *4 (E.D. Tex. Aug. 3, 2007) (Davis, J). With neither state having a greater stake in the outcome of this litigation, the localized interest factor is neutral and does not weigh in favor of transfer.

    2.    Other public interest factors

The parties do not contend that the remaining public interest factors, administrative difficulties flowing from court congestion, forum's familiarity with the governing law, and avoidance of unnecessary conflict of law problems, impact the transfer of venue analysis. These factors are therefore inapplicable or neutral, and do not weigh in favor of transfer to the Northern District of California.

### IV. CONCLUSION

After due consideration of the factors discussed above, the Court finds that Adobe has not satisfied its burden under either the Section 1404(a) standard articulated by *Volkswagen II* or the legal standard as it existed prior to *Volkswagen II*. Applying the *Volkswagen II* standard, Adobe has not shown good cause that the Northern District of California is a clearly more convenient forum for this patent infringement action. Applying the previously existing standard, Adobe has not shown that the balance is strongly in favor of the defendant. None of the factors discussed above weigh in favor of transfer. Most are either neutral or inapplicable to this case. On the other hand, the likelihood of undue delay and prejudice resulting from a transfer weighs substantially against transfer to the Northern District of California. On balance and in conjunction with the universal observation that Plaintiff Aloft's choice of forum is entitled to deference, transfer of venue is not appropriate. The Court further finds that the parties have sufficiently presented their arguments in their

submissions to the Court such that a hearing is not necessary.  Accordingly, Defendant Adobe's Motion to Transfer Venue (Doc. No. 42) and Motion Requesting Hearing (Doc. No. 43) are both hereby **DENIED**.

**So ORDERED and SIGNED this 25th day of March, 2008.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE